UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HERBERT MARTINEZ

    Plaintiff,

v.                                        CASE NO. 8:14-cv-00215-T-30MAP

HON. KURT HITZEMANN, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion to proceed *in forma pauperis* (doc. 9). In an Order dated February 10, 2014, this Court found Plaintiff's original complaint disjointed and confusing and directed Plaintiff, who is proceeding *pro se,* to file an amended complaint conforming with the requirements of Fed. R. Civ. P. 8(a). *See* Order, doc. 4. Plaintiff has now filed an amended complaint, substantially similar to his original complaint, alleging that Defendants, individually and collectively, deprived him of his civil rights under 42 U.S.C. § 1983. *See* doc. 5. For the reasons set forth below, I recommend the amended complaint be dismissed.

    *A. Plaintiff's amended complaint*

Plaintiff alleges Defendants, officers of the Hernando County Sheriff's Office ("HCSO"), embarked on a campaign to encourage Defendants, Frank Martinez and Vickie Martinez to file false police reports. These reports, he alleges, caused the HCSO to arrest and confine him for over 70 days. He also alleges that HCSO threatened to deprive him of his civil rights and testified falsely against him. Subsequent to these events, Plaintiff asserts

that he moved for a temporary injunction against Mr. and Ms. Martinez, which he claims the court wrongfully denied. And because of this, and among other reasons, Plaintiff accuses the state attorney and several county and circuit judges of denying him his civil rights. Plaintiff requests that the Court appoint counsel to litigate his claims, appoint a federal monitor over the HCSO and the Fifth Judicial Circuit Court, Hernando County, to oversee the preservation of citizens rights, award him $1,000 a day for each day he was incarcerated, and award him $2.5 million in punitive damages.

*B. Discussion*

Plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted. A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although this Court is mindful that a *pro se* Plaintiff's pleading must be construed liberally by the Court, I find that the Plaintiff's case has little or no chance of success and that dismissal is appropriate.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that some person, acting under color of state law, deprived Plaintiff of "rights, privileges, or immunities secured by the Constitution and Laws of the United States." 42 U.S.C. § 1983. *Bannum,*

2

*Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990). In 42 U.S.C. §1983 actions against individuals, factual details must be provided that demonstrate a violation of a clearly established right. *Oladeinde v. City of Birmingham,* 963 F.2d 1481 (11th Cir. 1992).

Although Plaintiff makes several general allegations that his civil rights have been violated, Plaintiff does not provide any specific factual information as to what clearly established rights the various Defendants have violated, who specifically violated those rights, or how those rights were violated. Plaintiff claims he was falsely arrested because the HCSO allowed Mr. and Mrs. Martinez to file numerous false police reports but does not provide any information as to that arrest or the alleged false police reports. And again, like his original complaint, it appears that many of the events that Plaintiff alleges to have occurred have nothing to do with violations of § 1983. Accordingly, Plaintiff's amended complaint fails to provide sufficient details and has failed to state any § 1983 claims for which relief can be granted.

Plaintiff's main allegation seems to be that Defendants conspired against him to deprive him of his civil rights. Though a plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying Constitutional right, the Plaintiff has failed to state such a claim here. *See GJR Invs., Inc. v. County of Escambia,* 132 F.3d 1359 (11th Cir. 1998). "The plaintiff attempting to prove such a conspiracy must show that the parties 'reached an understanding' to deny the plaintiff his or her rights. The conspirational acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the

conspiracy." *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir. 1990). Here, the amended complaint fails to state sufficient facts from which this Court can reasonably infer that a conspiracy existed. Plaintiff has not raised any allegations in his amended complaint that the Defendants reached some sort of an understanding to deprive him of his civil rights.

In addition, when examining Plaintiff's claims against some of the named Defendants, the Court finds that many lack sufficient support. For example, Plaintiff has attempted to raise § 1983 claims against two private parties, Mr. and Mrs. Martinez. However, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." *Harvey v. Harvey*, 949 F. 2d 1127, 1130 (11th Cir. 1992). The Plaintiff has not satisfied the requirements of any of these tests.

The public function test "covers only private actors performing functions 'traditionally the exclusive prerogative of the state.'" *Nat'l Broad. Co., Inc. v. Commc'ns Workers of America, AFL-CIO*, 860 F. 2d 1022, 1026 (11th Cir. 1988) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)). Plaintiff does not allege that Mr. and Mrs. Martinez are performing any state functions. The state compulsion test involves situations where the government coerced or encouraged the action that was taken in violation of the Constitution. *Id.* While the Plaintiff alleges HCSO encouraged Mr. and Mrs. Martinez to file false police reports, Plaintiff does not allege how that act, even if true, violated his Constitutional rights. Finally, the nexus/joint action test requires that the action taken by the governmental body and the private party be intertwined in a "symbiotic relationship," such

4

that the state has "insinuated itself into a position of interdependence with the private actor." *Id.* (citing *Jackson*, 419 U.S. at 357). Plaintiff does not make any allegation that supports a relationship between Mr. and Mrs. Martinez and the state. Therefore, because Plaintiff cannot meet any of the above tests, Plaintiff has failed to establish a claim against Mr. and Mrs. Martinez under § 1983, and I recommend the Plaintiff's § 1983 claims against them be dismissed.

Finally, the Plaintiff has, once again, raised allegations against certain judicial officers under § 1983. As stated in this Court's previous Order, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes,* 719 F.2d 1562, 1565 (11th Cir.1983).

In his amended complaint, Plaintiff asserts several allegations against certain judicial officers. Plaintiff claims that Defendant, Judge Stephen E. Toner wrongfully denied him a temporary injunction against Mr. and Mrs. Martinez and refused to allow him bail after he was falsely arrested; Judge Donald Scaglione[1] refused to allow him to challenge his probable

---

[1] In his Complaint, Plaintiff names as a Defendant, the Honorable Anthony Scaglione; however, the Court could not locate any judge for the Fifth Judicial Circuit Court of Florida under

5

cause for false arrest; Judge Lisa Herndon denied him his right to *habeas* relief; and Judge Kurt Hitzemann refused to hold a probable cause hearing. All of these acts occurred as part of the judges' normal judicial function, in open court, in a case pending before that judge, and clearly arose out of a visit to that particular judge in his judicial capacity. Consequently, these judges are entitled to absolute judicial immunity, and I recommend the Plaintiff's § 1983 claims against these judicial officers be dismissed.

*C. Conclusion*

In view of the above, I find that the Plaintiff's case has little or no chance of success and that dismissal is appropriate. Accordingly, it is

RECOMMENDED:

1. Plaintiff's amended complaint (doc. 5) be DISMISSED and his request to proceed *in forma pauperis* (doc. 9) be DENIED.

IT IS REPORTED at Tampa, Florida on May 27, 2014.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

---

that name. Thus, the Court assumes Plaintiff made a typographical error.